UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARQUITA FORREST                                                                Plaintiff

v.                                                              Civil Action No. 3:20-CV-182-RGJ

OLDHAM CTY. PROBATE COURT, *et al.*                                          Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* action initiated by Plaintiff Marquita Forrest. Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a general complaint form. She names the following as Defendants in this action – Oldham County Probate Court; Oldham County "PVA"; Bank of America; U.S.A. Homeownership Foundation Corporation; and Lerner, Sampson, & Rufus.

In the "Statement of the Claim" section of the complaint form, Plaintiff writes as follows *in toto*:

> Oldham County Probate Ct. returned check for estate adm. of Eron Hinkle Crestwood Oldham Co. Resident Sept, 2016 Oldham Co. Circuit Ct. didn't allow me to enter civil suit against Eron Hinkle @ 9015 Hinkle Ln. Crestwood Ky. 40013. wrong address 14303 Reamers Rd. Lou Ky 40245 – PVA of Oldham Co. moved Jefferson Co. property line back. Increased taxes. On African American Historic Land. USA. Home Ownership Found. Corp. knew I took care of property re-imbursement requested, 2014 present. Purchased from Bank of America but Bank of America said donation of Hud Home Jan 2019 itemized 4000.00 demo. Lawn service 200.00 ea ten times. proper eviction

Plaintiff did not complete the "Relief" section of the complaint form.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446

(6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claims against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544), and the pleadings are simply too vague and sparse to state a cause of action under any legal theory. Plaintiff, therefore, fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2) and fails to state a claim upon which relief may be granted, warranting dismissal of any claims she has attempted to bring.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
A961.011